UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANTHONY FERGUSON,

                          Plaintiff,

           -against-

CHRISTIAN DESOUZA and
WILD EAGLE TRANS LLC,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

<u>MEMORANDUM DECISION</u>
<u>AND ORDER</u>

18 Civ. 11625 (GBD)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Anthony Ferguson commenced this action against Defendants Christian DeSouza and Wild Eagle Trans LLC, alleging that Defendants' negligence resulted in a collision of the parties' motor vehicles and caused Plaintiff serious physical injury. (Complaint ("Compl."), ECF No. 1–1.) Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of Plaintiff's claim on the grounds that the collision was caused solely by the negligence of Plaintiff, or, in the alternative, because Plaintiff has not sustained a "serious injury" as required by New York State Insurance Law § 5102(d). (ECF No. 36.) Because Plaintiff has failed to show that he suffered a "serious injury" within the meaning of Section 5102(d), Defendants' motion for summary judgment is GRANTED.[1]

---

[1] Defendants also ask this Court to strike the testimony of Plaintiff's expert witness, Dr. Ali Sadegh, for Plaintiff's failure to disclose Dr. Sadegh during discovery. (Reply in Supp. of Defs.' Mot. for Summ. J. ("Defs.' Reply"), ECF No. 53, at 3–4.) Pursuant to the Federal Rules of Civil Procedure, "[i]f a party fails to provide information or identify a witness as required … the party is not allowed to use that information or witness to supply evidence … unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). At oral argument, Plaintiff was unable to justify his eleventh-hour introduction of Dr. Sadegh. (*See* Tr. 6:4–9.) Nor can it be said that the failure to disclose was harmless, as Plaintiff's omission means that Defendants had no opportunity to depose Dr. Sadegh or evaluate his credentials before moving for summary judgment. Accordingly, Dr. Sadegh is precluded as a witness in this case, and this Court does not consider his affidavit in deciding the remainder of Defendants' motion. *FIH, LLC v. Foundation Capital Partners LLC*, 920 F.3d 134, 145–46 (2d Cir. 2019) (affirming trial court's refusal to consider expert affidavit first offered after close of discovery in opposition to motion for summary judgment).

## I.  FACTUAL BACKGROUND[2]

This case concerns a motor vehicle incident that occurred on April 25, 2018 on the southbound Cross Bronx Expressway in Bronx, New York.  (Defs.' Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 in Supp. of Defs' Mot. for Summ. J. ("Defs.' SUMF"), ECF No. 40 ¶ 1.)  The accident occurred as Plaintiff merged from the Sheridan Expressway onto the Cross Bronx Expressway into the lane of travel occupied by Defendants.  (*Id.* ¶¶ 4–5, 9.)  Upon Plaintiff's merger, the rear of Plaintiff's van collided with Defendants' trailer's right-front fender and right-front wheel.  (Pl.'s Local Civil Rule 56.1 Counterstatement ("Pl.'s Counterstatement"), ECF No. 48–3 ¶ 6.)  At contact, Plaintiff's vehicle shifted about two feet.  (*Id.* ¶ 10.)  The day after the accident, Plaintiff sought medical attention at Bronx Lebanon Hospital, complaining of pain in his right knee, right wrist, right shoulder, back, and neck.  (ECF No. 39–9, at 1.)  The parties present conflicting evidence as to both the cause and extent of Plaintiff's injuries.  (*Compare* Defs.' SUMF ¶¶ 27–37, *with* Pl.'s Counterstatement ¶¶ 27–37.)

Following the exchange of discovery, Defendants brought the instant motion for summary judgment.  Defendants seek an order dismissing the case on the grounds that the accident at issue was caused solely by the negligence of Plaintiff in changing lanes when it was unsafe to do so in violation of New York's Vehicle and Traffic Law § 1128, or, in the alternative, because Plaintiff has not sustained a "serious injury" as required by New York State Insurance Law § 5102(d).  (Mem. of Law in Supp. of Defs.' Mot. for Summ. J. ("Defs.' Mot."), ECF No. 39, at 1.)

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  "An issue of fact

---

[2] All facts are undisputed except where noted.

is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  A fact is material when it "might affect the outcome of the suit under the governing law." *Gayle*, 313 F.3d at 682 (quoting *Anderson*, 477 U.S. at 248).

The party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).  In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002).  To do so, it "must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)).  Rather, the opposing party must produce evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968).  In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all inferences in that party's favor. *See id*.  However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation omitted).  Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

### III.   DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THE ISSUE OF NEGLIENCE

Under New York law,[3] a plaintiff seeking to prove negligence "must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party." *Becker v. Schwartz*, 46 N.Y.2d 401, 410 (N.Y. 1978).  Various provisions of the New York Vehicle and Traffic Law ("VTL") and principles of liability under state law impose a duty upon drivers to operate their vehicles with reasonable care. *Goldstein v. United States*, 9 F. Supp. 2d 175, 186 (E.D.N.Y. 1998); *see also Allison v. Rite Aid Corp.*, 812 F. Supp. 2d 565, 568 (S.D.N.Y. 2011) (drivers must meet both statutory and common law duties of care).  "[A] violation of an applicable '[s]tate statute that imposes a specific duty constitutes negligence per se,'" *id.* (quoting *Elliott v. City of New York*, 95 N.Y.2d 730, 734 (N.Y. 2001)), and summary judgment is appropriate when there is no dispute that a driver violated such a statute, *see e.g., Marrero v. Air Brook Limousine*, No. 13-CV-2791 (CM), 2014 WL 1623706 at *5 (S.D.N.Y. Apr. 23, 2014).  Defendants here argue that summary judgment is appropriate because the accident was "caused solely by the negligence of the [P]laintiff" when Plaintiff changed lanes in violation of New York's Vehicle and Traffic Law § 1128.[4]  (Defs' Mot. at 1.)

Resolving Defendants' motion turns on what happened in the critical few moments leading up to the collision.  And what happened is in dispute.  Defendants allege that Plaintiff, by his "own admission," was "aware of defendant's [sic] vehicle before he began to change lanes and yet continued to do so before determining it was safe," (Defs.' Mot. at 5), but they offer no undisputed

---

[3] Because this action is before this Court on diversity jurisdiction, (Compl. at 1–2), substantive state law governs.

[4] Section 1128 requires that, "[w]henever any roadway has been divided into two or more clearly marked lanes for traffic . . . [a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."  VTL § 1128(a).

facts to support this conclusory claim.  Defendants first direct this Court to a description of the accident contained in Plaintiff's accident report in which Plaintiff stated that he was "entering the lane" when the parties collided.  (Pl.'s April 25, 2018 Report of Motor Vehicle Incident, ECF No. 39–5, at 2; Tr. 19:7–9.)  Contrary to Defendants' urging, this statement does not resolve the issue. No one is disputing that Plaintiff was "entering" Defendants' lane when contact occurred.  (*See e.g.*, Pl.'s Counterstatement ¶ 4 (describing Plaintiff's entry into Defendants' lane).)   The disagreement, rather, is over whether Plaintiff did so *before determining it was safe*.  *See* VTL § 1128(a) (A vehicle ... shall not be moved from such lane *until the driver has first ascertained that such movement can be made with safety*) (emphasis added).  On this issue, Plaintiff's accident report is not dispositive.

Defendants also rely heavily on a photograph of both vehicles taken after the accident. (ECF Nos. 39–4, 51–1.)  Upon review of the photograph, this Court cannot attach to it the significance Defendants urge.  As an initial matter, Defendants have not established that the photograph is an accurate representation of the position of both vehicles at the time of impact. Even assuming it is, the photograph still does not unequivocally demonstrate which party was at fault.  It does not rebut Plaintiff's testimony that Defendants' vehicle was at a standstill at the time Plaintiff began to merge, (ECF No. 35–7, at 46), and it says nothing about the actions of Defendant DeSouza in the seconds leading up to the impact, including the degree to which DeSouza was paying attention as Plaintiff attempted to merge into his lane and whether DeSouza left sufficient space between his vehicle and those in front of him to allow for merging traffic.  *See e.g.,* VTL § 1129(b).  And while the photograph may call into question Plaintiff's estimation as to the degree to which he had merged into Defendants' lane by the time the parties' collided,[5] (*see* Defs.' Reply

---

[5] Defendants argue that the photograph rebuts Plaintiff's representation that "90 percent" of his van had already entered Defendants' lane by the time of the collision, and therefore diminishes Plaintiff's

at 4–5), Plaintiff's miscalculation alone does not allow for the automatic conclusion that he was the one at fault. *See Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) (at summary judgment, the court's role is limited to "discerning whether there are any genuine issues of material fact to be tried, *not* to deciding them") (emphasis in original). Defendants therefore fall short of their burden to demonstrate the absence of any genuine issue of fact as to the cause of the accident.

Plaintiff's showing in opposition is sufficient to defeat summary judgment. At his deposition, Plaintiff testified that he checked his blind-spot and side-view mirrors before merging onto the expressway and observed that Defendants' tractor-trailer "wasn't even close," (ECF No. 35–7, at 35), that it was in a "dead stop," (*id*. at 46), and that it "didn't look like [it] was even moving," (*id*. at 35). Based on these observations, Plaintiff deemed it safe to begin changing lanes. (*Id*. at 33–35.) Plaintiff further testified that it was only after he had substantially entered Defendants' lane that Defendants' trailer began to move, suddenly pick up speed, and then rear-end Plaintiff's van. (*Id*. at 35–36.) Defendants have failed to eliminate all triable issues of fact as to whether Plaintiff was negligent in the operation of his van and whether such negligence was the sole proximate cause of the accident.[6]

---

credibility. (*See* Defs.' Reply at 4–5.) Because "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge," *Anderson*, 477 at 255, Defendants' observation does not warrant the grant of summary judgment.

[6] Because the parties both describe the events leading up to the accident differently, the cases upon which Defendants rely are not analogous. There, unlike here, there was no dispute between the parties as to the materials facts. In *Drummond*, for example, it was undisputed that the plaintiff had failed to turn his head to look behind him before backing across an intersection. *See Drummond v. Perez*, 146 A.D.3d 645, 645 (1st Dep't 2017). Similarly, in *Sanchez*, the deposition testimony demonstrating the defendants' negligence was "uncontested." *Sanchez v. Oxcin*, 157 A.D.3d 561, 563 (1st Dep't 2018). The defendant in *Davis* offered no evidence to contradict the plaintiff's sworn testimony that he had pulled into moving traffic when it was unsafe to do so. *Davis v. Turner*, 132 A.D.3d 603, 603 (1st Dep't 2015). And in *Coaker*, far from raising a triable issue of fact, the defendant actually admitted plaintiff's allegations that he "took a chance" and sped into another lane without first checking whether it was safe. *Coaker v. Mulet*, 144 A.D.3d 499,

**IV.   PLAINTIFF FAILS TO RAISE A TRIABLE ISSUE OF FACT AS TO THE SERIOUSNESS OF HIS INJURY**

Defendants also argue that they are entitled to summary judgment because there is no evidence that Plaintiff's injuries were caused by the accident, and that, in any event, the injuries are not "serious" within the meaning of the No-Fault Law, N.Y. Ins. Law §§ 5101–5108. New York's No-Fault Law precludes recovery for non-economic loss arising out of negligence in the use or operation of a motor vehicle except in cases of "serious injury." N.Y. Ins. Law § 5104(a). The statute identifies nine types of "serious injuries," including the following three categories Plaintiff has identified as relevant to this litigation: (1) "permanent consequential limitation of use of a body organ or member," (2) "significant limitation of use of a body function or system," and (3) "medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment." N.Y. Ins. Law § 5102(d); (Pl.s' Opp. to Defs.' Mot. for Summ. J. ("Pl.'s Opp."), ECF No. 48–2, at 16.). A court may determine the existence of a serious injury as a matter of law. *Licari v. Elliott,* 57 N.Y.2d 230, 238 (N.Y. 1982); *see also Molina v. United States*, 301 F. Supp. 2d 317, 320 (S.D.N.Y. 2004) ("Because part of the purpose of the [No-Fault Law] is to curtail costly and time-consuming court trials, it is proper to decide the question of whether a plaintiff has suffered a serious injury at the summary judgment stage.") (citation omitted).

When moving for summary judgment in a case involving the No–Fault Law and a claim for non-economic loss, the defendant has the initial burden to make an evidentiary showing that

---

499 (1st Dep't 2016). This case, by contrast, presents the quintessential he-said she-said situation inappropriate for resolution at summary judgment.

the plaintiff has not sustained a serious injury as a matter of law. *Gaddy v. Eyler*, 79 N.Y.2d 955, 957 (N.Y. 1992). Once the defendant has met this burden, the burden shifts to the plaintiff to overcome the defendant's motion by presenting competent medical evidence demonstrating a serious injury. *Licari*, 57 N.Y.2d at 237; *Morrone v. McJunkin,* No. 18-CV-2163 (DLC), 1998 WL 872419 at *2 (S.D.N.Y. Dec. 15, 1998). In this regard, "a plaintiff must offer objective proof of an injury." *Rivera v. United States*, 10-CV-5767 (MHD), 2012 WL 3132667 at *10 (S.D.N.Y. July 31, 2012). Subjective complaints of pain alone are insufficient to meet the serious injury threshold. *Toure v. Avis Rent A Car Sys.*, 98 N.Y.2d 345, 350 (N.Y. 2002); *see also Lanuto v. Constantine,* 192 A.D.2d 989, 991 (3d Dep't 1993) (plaintiff's claim "must be supported by medical proof based upon credible medical evidence of an objectively measured and quantified medical injury or condition"). Therefore, to raise a triable issue, "a [p]laintiff must [] offer admissible evidence in the form of sworn affidavits or reports by physicians, or sworn medical test records, such as MRI reports." *Rivera*, 2012 WL 3132667 at *10; *see also Berroa v. United States*, 07-CV-3521 (DAB), 2010 WL 532862 at *3 (S.D.N.Y. Feb. 5, 2010). "As long as the plaintiff adduces sufficient objective evidence from which a jury could find that she sustained a serious injury, summary judgment must be denied 'notwithstanding some contrary probative evidence.'" *Rivera*, 2012 WL 3132667 at *10 (quoting *Nasrallah v. Helio De*, No. 96-CV-8727 (SS), 1998 WL 152568 at *8 (S.D.N.Y. Apr. 2, 1998)).

In this case, Defendants have made a prima facie showing that Plaintiff's injuries do not meet the relevant standard for serious injury. Defendants have submitted reports from various medical experts opining that the post-accident MRIs taken of Plaintiff's body revealed no traumatic abnormalities, that Plaintiff has full range of motion of all of the injured portions of his body, and that there is no causal relationship between the accident and Plaintiff's alleged injuries.

8

(*See* ECF Nos. 39–17, 39–18, 39–19.)  This evidence is sufficient to shift the burden to Plaintiff

to raise a triable issue of fact that he did, in fact, suffer a "serious injury."

Plaintiff has failed to meet that burden.  Plaintiff does not point to any medical evidence

whatsoever—let alone any objective, competent medical evidence—that suggests that his injuries

are "serious" within the meaning of the statute.[7]  The diagnostic tests taken after the accident did

not show any significant injury or abnormality.  (ECF No. 39–9, at 19–21.)  Plaintiff does not point

to any evidence that his treating physicians found any permanent injury or significant limitation of

a body member or body function.  Nor is there evidence in the record that any physician placed

any restrictions on Plaintiff's daily activities.  Plaintiff's treating physician, Dr. Scilaris, did find

some limitations in Plaintiff's shoulder and wrist ranges of motion, but these findings were based

on Plaintiff's subjective responses rather than objective criteria, (ECF No. 39–20, at 54, 66),

which, as stated above, is insufficient.[8]  And as noted by Defendants, the mere fact Plaintiff

---

[7] Although Plaintiff's response to Defendants' motion exhibits some several hundred pages of medical records, Plaintiff does not cite, mention, or even refer to these records in his response, and this Court is not required to search the record on summary judgment.  *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) (courts are not required to search the record for genuine issues of material fact that parties opposing summary judgment fail to bring to attention).  Nevertheless, this Court has reviewed these records and has found no evidence to support Plaintiff's claims.  Indeed, in his response papers, Plaintiff does not even suggest he has suffered any permanent loss of use, significant limitation in use, or prevention in the performance of his usual and customary activities with respect to his knee, wrist, neck or back injuries.  (*See* Pl.'s Opp. at 18–21).  With respect to his shoulder only, Plaintiff alleges that he has "established" that the accident "seriously limited his use," but, as noted, he does not refer or cite to any evidence in the record to support this claim, (*id*. at 18), and this Court can find none other than Plaintiff's own subjective complaints as to the extent of his injury.  Unsupported allegations do not create a material issue of fact.  *See Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000); *Fujitsu*, 247 F.3d at 428.

[8] New York courts have "consistently held that a diagnosis of loss of range of motion, because it is dependent on the patient's subjective expressions of pain, is insufficient to support an objective finding of a serious injury." *Hodder v. United States*, 328 F. Supp. 2d 335, 349 (E.D.N.Y. 2004) (collecting cases); *see also Mastrantuono v. United States*, 163 F. Supp. 2d 244, 255 (S.D.N.Y. 2001).  That said, courts have considered passive range of motion tests when based on objective criteria, such as straight-leg raising tests and observations of spasms.  *See e.g., DeJesus v. Rafael*, No. 00-CV-5137 (SWK), 2003 WL 21305358 at *2 (S.D.N.Y. June 5, 2003).  Here, there are no indicia in the record that Dr. Scilaris conducted any such test or made any objective observation, and his testimony shows that he based his findings on Plaintiff's subjective complaints.  (*E.g.*, ECF No. 39–20, at 34–35, 37, 47–48, 62.)  Similarly, Plaintiff's chiropractor records—which are, in any event, inadmissible evidence because they are unsworn, *Jimenez v. Gubinski*,

underwent surgery for some of the alleged injuries does not alone infer the conclusion that those injuries are "serious" as defined by the No-Fault Law, *see Gay v. Cevallos*, No. 10-CV-949 (LMM), 2011 WL 2015528 at *7 (S.D.N.Y. May 17, 2011) (collecting cases), particularly here where the evidence submitted by Plaintiff indicates that those surgeries may have been elective, (*see* ECF No. 48–4, at 23 (referring to insurance approvals: "PRP injections are approved for the right shoulder. However[,] patient prefers arthroscopic surgery."); ECF No. 39–3, at 127–28 (Plaintiff's testimony that his doctor did not think surgery was necessary but advised him, "if you feel that bad, then maybe you should go for it")).

Finally, while Plaintiff does supply evidence that he has suffered muscle tears, disc bulges, and herniated discs, (*see e.g.*, ECF No. 48–8), Plaintiff does not point to any evidence of the extent or degree of the resulting physical limitation, if any. *See Ceglian v. Chan*, 283 A.D.2d 536 (2d Dep't 2001) (reversing denial of summary judgment because plaintiff failed to provide "sufficient objective proof of the extent or degree of the alleged physical limitations resulting from the disc injuries"); *see also Kearse v. New York City Tr. Auth.*, 16 A.D.3 45, 49 (1st Dep't 2005) ("[A] disc bulge or herniation must be accompanied by objective evidence of the extent of alleged physical limitations resulting from the disc injury."); *Gay*, 2011 WL 2015528 at *7 ("The existence of herniated discs and bulging discs alone are not enough absent any objective evidence of Plaintiff's resulting physical limitations."). For this reason, the cases upon which Plaintiff relies are not analogous because, unlike Plaintiff here, the plaintiffs in those cases established "through

---

No. 09-CV-5645 (FM), 2012 WL 279432 at *8 (S.D.N.Y. Jan. 30, 2012)—document lost range of motion but do not state the objective tests (or any tests, for that matter) that Plaintiff's chiropractor performed in reaching his conclusions. *Grossman v. Wright*, 268 A.D.2d 79, 85 (2d Dep't 2000) (finding that no triable issue of fact was raised by chiropractor's records where such records "failed to set forth the objective tests, if any, [the chiropractor] performed in arriving at his conclusions."). Far from objective, the notation "pain" next to each finding suggests that the chiropractor's conclusions were based only on Plaintiff's subjective complaints. (*See e.g.*, ECF No. 48–4, at 39.)

quantitative assessments" or other competent medical evidence that they had suffered some serious limitation of use. *See Kang v. Almanzar*, 116 A.D.3d 540, 541 (1st Dep't 2014) (surgeon submitted findings that plaintiff suffered "qualitative limitations" in her ability to use her shoulder for two years); *Liz v. Munoz*, 149 A.D.3d 646, 647 (1st Dep't 2017) (orthopedic surgeon submitted evidence of "measured limitations in range of motion"); *Barreras v. Vargas*, 151 A.D.3d 620, 621 (1st Dep't 2017) ("measured range-of-motion limitations two years after" accident); *Swift v. New York Transit Authority*, 115 A.D.3d 507, 508 (1st Dep't 2014) (objective medical evidence of reduced knee function). Such evidence is completely lacking here.

Because Plaintiff has not raised a triable issue of material fact that he has suffered either a permanent injury, significant limitation, or non-permanent injury that limited his customary daily activities as defined by N.Y. Ins. Law § 5102(d), summary judgment is granted in favor of Defendants.

## V.    CONCLUSION

Defendants' motion for summary judgment dismissing Plaintiff's claim is GRANTED.

Dated: September 12, 2022
New York, New York

SO ORDERED.

*George B Daniels*

GEORGE B. DANIELS
United States District Judge

11